IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BROWN,

    Petitioner,                      No. CIV S-06-1086 FCD KJM P

    vs.

T. FELKER, Warden,              ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Finally, petitioner has requested the issuance of a certificate of appealability. A certificate of appealability is a prerequisite to a petitioner's appeal of a judgment of this court to the Court of Appeals for the Ninth Circuit. <u>See</u> 28 U.S.C. § 2253. It appears that plaintiff is seeking a certificate as a prerequisite to pursuing his habeas petition in this court. This is not necessary.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

3. Petitioner's request for the appointment of counsel is denied; and

4. Petitioner's request for a certificate of appealability, insofar as it appears petitioner is seeking to "appeal" his state court conviction to this court, is denied.

/////

1        IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
2 habeas corpus be dismissed for failure to exhaust state remedies.
3        These findings and recommendations will be submitted to the United States
4 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
5 twenty days after being served with these findings and recommendations, petitioner may file
6 written objections with the court.  The document should be captioned "Objections to Findings
7 and Recommendations."  Petitioner is advised that failure to file objections within the specified
8 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9 (9th Cir. 1991).

DATED:  December 1, 2006.

_____
U.S. MAGISTRATE JUDGE

2
brow1086.103+