IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM E. BROWN, JR.,

    Petitioner,                   No. CIV S-06-1086 FCD KJM P

    vs.

T. FELKER,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Placer County convictions for robbery and burglary. Respondent has filed a motion to dismiss, arguing that the petition is not timely.

I. Background

        Petitioner was convicted in Placer County on June 18, 2002 and pursued a direct appeal to the state Court of Appeal and then to the California Supreme Court; the latter denied review on October 15, 2003. Lodged Documents (Lodg. Docs.) 1-4.

/////

/////

/////

/////

1

Petitioner mailed a petition to the Placer County Superior Court on October 14, 2004.[1]  Lodg. Doc. 5 (proof of service).  This was denied on October 29, 2004.  Lodg. Doc. 6.

Petitioner continued his challenge by filing a new writ petition in the Court of Appeal on November 21, 2004[2]; this was denied in an order filed December 16, 2004.  Lodg. Docs. 7-8.  On December 6, 2004, while the initial petition was pending, petitioner filed a second petition in the Court of Appeal, which was denied on December 16 as well.  Lodg. Docs. 9-10.

Petitioner's next step was to file a petition in the California Supreme Court on January 7, 2005; this was denied on December 21, 2005.  Lodg. Docs. 11-12.

On January 12 and March 16, 2007, petitioner returned to the California Supreme Court.  Lodg. Docs. 13-14.  The petitions filed there were still pending when respondent filed the instant motion to dismiss.  Petitioner has filed supplemental exhibits showing that both petitions were denied on June 27, 2007.  Pet'r's Supp. Brief & Exhibits.

The instant petition was mailed to this court on January 28, 2007.  Pet. at 28 (page number assigned by CM/ECF).

II.  Analysis

The AEDPA contains a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] Based on the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), a document in a case such as this one is filed when it is given to prison authorities for mailing.  See also Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001).  Where the record contains a certificate of service for a court filing, the court refers to the date on this certificate.

[2] There are two certificates of service attached to this petition; one is dated November 9 and the other is dated November 21, 2004.  It appears the first petition was returned to petitioner and not accepted for filing.  Lodged Doc. 7 ("Received" stamps on first page).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari, which in this case was January 14, 2004. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, the AEDPA year began running on January 14, 2004 and would have expired on January 15, 2005, absent any tolling. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). An untimely state court application for collateral relief will not provide a basis for tolling under 28 U.S.C. § 2244(d)(2) because such applications are not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005).

In Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ,

3

but also during those periods between filings as a petitioner works his or her way "up the ladder" through higher courts to complete "one full round" of state court review of claims. Id. at 217, 219-20.

Once a respondent places a petitioner on notice that a federal petition is subject to dismissal as untimely, petitioner has the burden of proving he is entitled to tolling. Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir.2002).

Respondent agrees that petitioner is entitled to tolling from October 14, 2004 through December 21, 2005 – from the mailing of the petition to Placer County Superior Court through the first denial by the California Supreme Court. Motion To Dismiss (MTD) at 4.[3] Because 274 days of the AEDPA year had lapsed before October 14, 2004, the year then ran out 91 days later, on March 24, 2006. The instant petition, filed May 18, 2006, is not timely. The statute of limitations was not revived by the last two petitions filed in the California Supreme Court on January 12 and March 16, 2007. Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003).

Petitioner argues, in essence, that his untimeliness is excused by his obligation to exhaust state remedies. It is true that petitioner is required to exhaust state remedies before coming to federal court and he did so as to at least some of his claims within the statute of limitations period. This need to exhaust does not excuse his untimely filing in this case.

Petitioner also suggests that the statute of limitations was "reset" by the discovery of new evidence, within the meaning of 28 U.S.C. § 2242(d)(1)(D); see Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); Opp'n at 2. He has not, however, identified either the newly discovered evidence or the date he learned of it. He has not borne his burden of showing he is entitled to tolling. The petition is untimely.

---

[3] The court agrees with respondent that petitioner is not entitled to any additional tolling for the petition filed December 4, 2004 in the state Court of Appeal, because that time was subsumed in the time tolled by the earlier petition, filed in that court on November 29, 2004.

4

1    Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
2 dismiss be granted.
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: January 8, 2007.

_____
U.S. MAGISTRATE JUDGE

2
brow1086.157