IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM E. BROWN, JR.,

    Petitioner,                  No. CIV S-06-1086 FCD KJM P

    vs.

T. FELKER,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Placer County convictions for robbery and burglary. Respondent filed a motion to dismiss, arguing that the petition is not timely. On January 9, 2008, the court recommended that the petition be dismissed. Petitioner's objections to this recommendation included a claim, raised for the first time, that his legal materials were seized, which delayed the timely filing of his petition. Accordingly, on February 15, 2008, the court vacated the findings and recommendations and directed the parties to brief the question.

I. Background

        Petitioner was convicted in Placer County on June 18, 2002, and pursued a direct appeal to the Court of Appeals and then to the California Supreme Court, which denied review on October 15, 2003. Lodged Documents (Lodg. Docs.) 1-4.

1

Petitioner mailed a petition to the Placer County Superior Court on October 14, 2004.[1]  Lodg. Doc. 5.  This was denied on October 29, 2004.  Lodg. Doc. 6.

Petitioner continued his challenge by mailing a new writ petition to the Court of Appeal on November 21, 2004[2]; this was denied in an order filed December 16, 2004.  Lodg. Docs. 7-8.  On December 4, 2004, while the initial petition was pending, petitioner filed a second petition in the Court of Appeal, which was denied on December 16 as well.  Lodg. Docs. 9-10.

Petitioner's next step was to file a petition in the California Supreme Court on January 4, 2005; this was denied on December 21, 2005.  Lodg. Docs. 11-12.

On January 12 and March 16, 2007,  petitioner returned to the California Supreme Court.  Lodg. Docs. 13-14.  These two petitions were still pending when respondent filed the motion to dismiss; both were subsequently denied on June 27, 2007.

The instant petition was filed May 18, 2006.

II.  The Statute of Limitations

The AEDPA contains a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1]  Based on the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), a document is filed when it is given to prison authorities for mailing.  See also Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001).

[2]  There are two certificates of service attached to this petition; one is dated November 9 and the other is dated November 21, 2004.

2

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari, which in this case was March 17, 2004. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, the AEDPA year began running on January 14, 2004, and would have expired on January 15, 2005, absent any tolling. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). An untimely state court application for collateral relief will not provide a basis for tolling under 28 U.S.C. § 2244(d)(2) because such applications are not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005).

In Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the dates of actual filing and decision on a writ, but also during those periods between filings as a petitioner works his or her way "up the ladder" through higher courts to complete "one full round" of state court review of claims. Id. at 217, 219-20.

/////

/////

Once a respondent places a petitioner on notice that a federal petition is subject to dismissal as untimely, petitioner has the burden of proving that he is entitled to tolling. Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002).

Respondent agrees that petitioner is entitled to tolling from October 14, 2004 through December 21, 2005 – from the mailing of the petition to Placer County Superior Court through the denial by the California Supreme Court, a total of 433 days. Motion To Dismiss (MTD) at 4.[3]  Accordingly, the AEDPA year did not run out until March 24, 2006. Nevertheless, the instant petition, filed May 18, 2006, is not timely. Nor was the statute of limitations reviewed by the last two petitions filed in the California Supreme Court, on January 12 and March 16, 2007. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003).

III.  Equitable Tolling

Petitioner claims he is entitled to equitable tolling for several, somewhat contradictory reasons. Specifically, he alleges that on November 8, 2005, Correctional Officer Pribble threw away the "legal documents" that he and an inmate writ-writer were reviewing in order to federalize his claims. Supp. Brief at 6. These documents included petitioner's only

/////
/////
/////
/////
/////
/////
/////

---

[3] The court agrees with respondent that petitioner is not entitled to any additional tolling for the petition filed December 4, 2004 in the Court of Appeal, because the time that petition was pending was subsumed in the time tolled by the earlier petition, filed in that court on November 29, 2004.

4

copy of his state writ with its exhibits and copies of portions of reporters' transcripts. Id.

However, petitioner also alleges:

> [T]he inmate assisting the Petitioner by doing his writ was illegally placed in administrative segregation in and about April 2006 with all of the Petitioner trial transcripts, writs, and other Legal documents. Untill Petitioners assistant and jail house lawer release. Petitioner could not file untill he received it, - - - - - At which time the new amending claims IAC under anti-terrorist act was at least 90 days late, to submit petitioners federal writ.

Supp. Brief at 2-3 (reproduced as in original). Later, he explains that

> As a laymen of Law. prior I was to serve 10-months of a year in administrative segregation . . . here in High Desert State Prison 2-unit:
>
> Upon such time since I've had a inmate jail house lawer whom had all of my Legal Original Transcripts, . State writs Exhibits etc. which are relevant to my federal writs. . . Upon return to (H.D.S.P) general population from administrative segregation for good conduct and program. I was issued my personal property Legal documents etc. and noticed I had parts of various Legal documents I could possibly use to file this. thats when C/O Pribble destroyed or lost petitioners Legal documents he'd taken. I wrote to my jail house lawer inmate whom was assisting me prior to my . . . segregation term. His wife did not reply in a timely fashion when my assistance sent stated Legal documents, transcripts etc. he had her to send me due to C.D.C. rules which do not allow inmate's to communicate between yards or prisons etc. nor segregation units. My inmate assistance Jail house lawer had his family member contact me and inform me that as soon as his wife receive his documents and "she has the funds" she would forward them to petitioner. Petitioner received stated Legal documents from her 90 days late from his due date.

Supp. Brief at 7-8 (reproduced as in original). Petitioner has supported this account with a copy of a grievance filed November 8, 2005, protesting Pribble's seizure and ultimate destruction of his "merits & exhibits." Supp. Brief, Ex. A.

Petitioner also has attached the declaration of Raymond Henderson, a writ writer who was assisting petitioner from April 2004 until August 2005, when petitioner was placed in

5

administrative segregation.⁴  Supp. Brief, Declaration of Raymond Henderson (Henderson Decl). Henderson avers:

> I had Petitioners . . . Legal transcripts, writ of habeas corpus, and various Legal documents for his criminal conviction as well as those for case's no's WHC-581-66226259.  I attempted to continuously get said stated Legal transcripts and documents back to Mr. W. Brown Jr. C.D.C. No. T-58106.  Yet due to C.D.C. Rules etc. inmate's are not allowed to communicate between yards or with administrative inmates.  So I sent petitioners Documents to my sister Ms. Tricia, Penny whom attempted to forward them to inmate W. Brown.  Said documents and Legal transcripts were months later returned.  She then attempted to send them back to me again they were denied.  Untill in 3/20/2006 I was finally allowed to receive them.  When Mr. Brown returned to D-facility I returned said Legal Documents.

Henderson Decl. (reproduced as in original).

In addition, petitioner also alleges he had difficulties getting to the law library because of lockdowns.  Supp. Brief, Exs. C & D.

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  To meet his burden, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

/////

/////

---

⁴ The date is hard to read, but it appears to be "8/4/2005."

### A. Pribble's Seizure of Legal Materials

The Ninth Circuit has recognized that equitable tolling may be justified when, through no fault of his own, a habeas petitioner was separated from his legal files and transcripts. Thus, in Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court recognized that if petitioner was able to bear his burden of showing he was deprived of his legal material for a period of eighty-two days when he was away from the prison, he might be entitled to equitable tolling.

In Espinoza-Matthews, 432 F.3d at 1024, the Ninth Circuit considered whether a petitioner was entitled to equitable tolling for the entire time he was in administrative segregation and deprived of his legal property. In that case, the petitioner asked for access to his legal property, which was being stored while he was in segregation, but was told he could not have access until he was released. The court found petitioner entitled to tolling for the entire period he was deprived of his legal materials, even though he still had a month after the papers were returned to him before the statute of limitations expired. Id. at 1028. As the court observed, "it is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." Id. at 1027 (quoting Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003)).

It is difficult to fashion a coherent narrative from petitioner's pleadings. It appears, however, that Pribble did not take the only copy of petitioner's legal materials in November 2005, but rather only some duplicates of the materials in the possession of petitioner's inmate assistant or writ writer. Supp. Brief at 7-8. Petitioner has not demonstrated the requisite causal link between Pribble's actions and his inability to file his federal petition in a timely fashion.

### B. Separation From The Writ Writer

With respect to the time petitioner did not have access to the writ writer, the dates are difficult to square: Henderson claims he helped petitioner until petitioner's placement in segregation in August 2005; petitioner says he was released from segregation by November 2005

and was able to retrieve the materials Pribble later confiscated; Henderson says he gave petitioner his legal materials sometime after March 20, 2006.  Nevertheless, it appears that petitioner and his writ writer were in fact separated for some period of time as a result of petitioner's ad-seg placement.

Several courts have rejected claims of equitable tolling based on difficulties with writ writers.  In United States v. Cicero, 214 F.3d 199, 204 (D.C. Cir. 2000), the movant had relied on a writ writer whose placement in segregation "separated [petitioner] and his papers for some time before the expiration of the one year grace period until after the filing deadline had passed."  The court found this an insufficient basis for equitable tolling, because movant "entrusted [the writ writer] with his legal documents at his peril."  Id. at 205; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (fact that writ writer took 170 days to prepare petition not sufficient ground for equitable tolling); Henderson v. Johnson, 1 F.Supp.2d 650, 655  (N.D. Tex. 1998) (reliance on writ writer who misled petitioner did not make it impossible for petitioner to file); see also Tacho v. Martinez, 862 F.2d 1372, 1381 (9th Cir. 1988) (petitioner's reliance on jailhouse lawyer did not excuse his procedural default).  The court finds these decisions persuasive, however non-controlling.  In this case, the lack of access to a writ writer cannot support equitable tolling.

### C.  Access To The Law Library

Petitioner's pleadings do not provide a clear chronology of his purported difficulties in getting access to the law library, but Exhibit C, a first level response to a grievance, suggests that those difficulties did not arise until June 15, 2006, after the original petition was filed in this case.  Supp. Brief, Exs. C & J (though Ex. J appears to be a pass to the law library, rather than proof of any difficulties).

Several courts have rejected the impact of a lock-down or of restrictions on law library access as bases for equitable tolling unless the petitioner can show actual harm.  Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (no connection shown between lockdown

and inability to file); Wilson v. Bennett, 188 F. Supp. 2d 347, 353 (S.D.N.Y. 2002) (limited access to library); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) (same). Here, plaintiff has not shown how his difficulties in June prevented him from filing his petition in March 2006.

IV. Actual Innocence

In his reply, petitioner claims he is actually innocent of the underlying bank robbery and so any untimeliness should not prevent this court from considering the merits of his habeas petition. Reply at 10-11.

In Schlup v. Delo, 513 U.S. 298, 314-15 (1995), the Supreme Court held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s]" considered on the merits. The Ninth Circuit has suggested that a sufficient Schlup showing might overcome the bar of the statute of limitations. Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002). Ultimately, it is petitioner's burden to demonstrate actual innocence. Jaramillo v. Stewart, 340 F.3d 877, 883 (9th Cir. 2003).

The Supreme Court has recognized that this exception to the statute of limitations is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998). A mere "repackaging of the record as presented at trial" does not constitute proof of actual innocence. Hubbard v. Pinchak, 378 F.3d 333, 340-41 (3d Cir. 2004), cert. denied sub nom. Hubbard v. Moore, 543 U.S. 1070 (2005).

Petitioner argues that the evidence is not sufficient to support his conviction and that his attorney was ineffective, and alleges that his prior bank robbery conviction was used improperly to enhance his sentence. This repackaging of the trial record cannot support his claim of actual innocence.

/////

9

1       Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket no. 24) be granted.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2008.

_____
U.S. MAGISTRATE JUDGE

2

brow1086.157(2)