1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM BROWN, JR.,                No.  2:06-cv-1086 MCE KJN (HC) (TEMP)

12              Petitioner,

13        v.                            ORDER

14   T. FELKER,

15              Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant

18   to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's Motion for Reconsideration (ECF

19   No. 63), which the Court construes as a motion for relief under Federal Rule of Civil Procedure

20   60(b).  Respondent has filed an opposition to the motion, and petitioner has filed a reply.

21

22                          **PROCEDURAL HISTORY**

23

24        In 2006, Petitioner filed a petition for a writ of habeas corpus challenging his conviction

25   for robbery and burglary.  ECF No. 1.  On July 15, 2008, the assigned Magistrate Judge issued

26   Findings and Recommendations, recommending that Respondent's motion to dismiss the petition

27   as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") be granted.

28   ECF No. 48.  On August 22, 2008, the assigned District Judge adopted those Findings and

1

1    Recommendations in full, granted Respondent's motion to dismiss, and closed this habeas action.

2    ECF No. 52.  Shortly thereafter, the assigned District Judge denied Petitioner's request for a

3    certificate of appealability.  The Ninth Circuit Court of Appeals also denied petitioner's request

4    for a certificate of appealability.  Now, more than six years later, petitioner has filed the pending

5    Rule 60(b) motion in which he appears to challenge the constitutionality of AEDPA.

6

7                                           **DISCUSSION**

8

9            Under Rule 12 of the Rules Governing Section 2254 Cases, district courts may apply the

10   Federal Rules of Civil Procedure provided they are not inconsistent with the Rules Governing

11   Section 2254 Cases or any statutory provisions.  Rule 60(b) of the Federal Rules of Civil

12   Procedure provides:

13               On motion and just terms, the court may relieve a party . . . from a
                 final judgment, order, or proceeding for the following reasons:  (1)
14               mistake, inadvertence, surprise, or excusable neglect; (2) newly
                 discovered evidence that, with reasonable diligence, could not have
15               been discovered in time to move for a new trial under Rule 59(b);
                 (3) fraud (whether previously called intrinsic or extrinsic),
16               misrepresentation, or other misconduct by an opposing party; (4)
                 the judgment is void; (5) the judgment has been satisfied . . .; or (6)
17               any other reason that justifies relief.

18   Fed. R. Civ. P. 60(b).

19           Petitioner's Rule 60(b) Motion is untimely.  Insofar as Petitioner seeks relief under Rule

20   60(b)(1), (2), or (3), his Motion is untimely; he should have filed his motion "no more than a year

21   after the entry of judgment or order of the date of the proceeding."  Fed. R. Civ. P. 60(c).  Insofar

22   as Petitioner seeks relief under Rule 60(b)(4), (5), or (6), he should have filed his motion within

23   "a reasonable time."  Id.  Petitioner unduly delayed more than six years before filing the pending

24   Motion and has offered no explanation to the Court for this delay.  See Hammer v. Drago (In re

25   Hammer), 940 F.2d 524, 526 (9th Cir. 1991) (finding unexcused two-year delay in filing of Rule

26   60(b) motion was unreasonable).  Accordingly, Petitioner's Motion is DENIED as untimely.

27   ///

28   ///

                                                    2

1

**OTHER MATTERS**

2

3        Also pending before the court is Petitioner's Motion for Appointment of Counsel.  ECF

4  No. 64.  There currently exists no absolute right to appointment of counsel in habeas proceedings.

5  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A

6  authorizes the appointment of counsel at any stage of the case "if the interests of justice so

7  require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In light of the discussion above, the

8  Court does not find that the interests of justice would be served by the appointment of counsel.

9

10                                   **CONCLUSION**

11

12        Accordingly, IT IS HEREBY ORDERED that:

13     1.  Petitioner's Motion pursuant to Rule 60(b) (ECF No. 63) is DENIED;

14     2.  Petitioner's Motion for Appointment of Counsel (ECF No. 64) is DENIED; and

15     3.  The Court will not issue any further orders in response to future filings.

16     IT IS SO ORDERED.

17  Dated:  November 23, 2015

18

19                    _____
                      MORRISON C. ENGLAND, JR., CHIEF JUDGE
20                    UNITED STATES DISTRICT COURT

21

22

23

24

25

26

27

28

                                          3